**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Charles Delanders Sykes,

Plaintiff,

vs.

Charles L. Ryan, et al.,

Defendants.

No. CV 11-8156-PCT-RCB (MEA)

**ORDER**

Plaintiff Charles Delanders Sykes, who is confined in the Arizona State Prison-Kingman, Cerbat Unit, in Kingman, Arizona,[1] filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, which the Court dismissed with leave to amend. (Doc. 1, 5.) Plaintiff filed a First Amended Complaint, which the Court also dismissed with leave to amend. (Doc. 7, 8.) Plaintiff has filed a Second Amended Complaint. (Doc. 9.) The Court will order Defendant Polland to answer Count I of the Second Amended Complaint and will dismiss the remaining Defendants without prejudice.

## I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised

[1] The Arizona State Prison is operated by Management and Training Corporation (MTC) for the Arizona Department of Corrections (ADC).

TERMPSREF

claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

**II. Second Amended Complaint**

Plaintiff alleges one count for threat to safety. Plaintiff sues Assistant Deputy Warden Robert Polland; Sergeant Sammons; Officers Mullen, Schrodt, and Houck; and John and Jane Doe 1-25. Plaintiff seeks injunctive, compensatory, and punitive relief.

Plaintiff alleges the following facts: Plaintiff was one of approximately 95 African

American inmates who were viciously attacked by about 300 Caucasian inmates using stones, locks, fists, and other objects. After the attack began, ADC officers, who were equipped and ready to intervene to break up the melee, did not. Plaintiff, among other inmates, was told by officers that Deputy Warden Polland ordered the officers to stand down and not intervene in any way. As a result, not until much later, did officers intercede to assist the African American inmates. Plaintiff saw officers "cowering" in an empty dormitory during the riot. Plaintiff was severely beaten and injured during the riot. According to Plaintiff, Polland knew of racial tensions at the prison and threats to security but failed to act on that knowledge.

## III. Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). A "'plaintiff generally must assert his own legal rights and interests, and cannot assert the legal rights or interests of third parties.'" Mothershed v. Justices of the Supreme Court, 410 F.3d 602, 610 (9th Cir. 2005) (quoting Warth v. Seldin, 422 U.S. 490, 499 (1975)). In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

### A. Doe Defendants

Plaintiff sues John and Jane Doe 1-25. Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint or amended complaint upon an anonymous defendant.

The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the

unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). The fictitiously-named Defendants will be dismissed. However, Plaintiff may use the discovery process to obtain the names of fictitiously-named defendants whom he believes violated his constitutional rights and seek leave to amend to name those defendants.

**B. Sammons, Mullen, Schrodt, and Houck**

Plaintiff sues Officers Sammons, Mullen, Schrodt, and Houck. While these officers may be sued under § 1983, Plaintiff fails to state a claim against any of them. To state a claim against a defendant, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045.

Plaintiff fails to allege any facts to support how each of these Defendants allegedly violated his constitutional rights. At most, Plaintiff makes only vague and conclusory allegations that they acted with deliberate indifference to threats to his safety. Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that

were not initially pled. Id. Because Plaintiff fails to allege any facts to support how each of these Defendants violated his constitutional rights, these Defendants will be dismissed.

## IV. Claim for Which an Answer Will be Required

Plaintiff alleges that Defendant Polland ordered officers, who were equipped and ready, not to intervene to prevent assaults on 95 African American inmates by approximately 300 Caucasian inmates. He further alleges on information and belief, that Polland knew or should have known of racial tensions and security issues at the prison, but failed to act on that knowledge. Plaintiff sufficiently states a claim against Polland for failure to protect or threats to safety in violation of the Eighth Amendment. Polland will be required to respond to Count I of the Second Amended Complaint.

## V. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

/ / /

**D. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Defendants Doe 1-25, Sammons, Mullen, Schrodt, and Houck are **dismissed** without prejudice. (Doc. 9.)

(2) Defendant Polland must answer Count I.

(3) The Clerk of Court must send Plaintiff a service packet including the Second Amended Complaint (Doc. 9), this Order, and both summons and request for waiver forms for Defendant Polland.

(4) Plaintiff must complete[2] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(6) The United States Marshal must retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

(7) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal

---

[2] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

(a) personally serve copies of the Summons, Second Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **A Defendant who agrees to waive service of the Summons and Second Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9) Defendant must answer the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(11) This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized

under 28 U.S.C. § 636(b)(1).

DATED this 13th day of April, 2012.

Robert C. Broomfield
Senior United States District Judge